FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 27 2012

JAMES N. HATTEN, Clerk
By: _____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SONYA CARLYLE, | ) |
| | ) Civil Action No. **TWT** |
| Plaintiff, | ) |
| v. | ) **1:12-CV-3373** |
| | ) |
| | ) JURY TRIAL DEMANDED |
| DEXIS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sonya Carlyle (hereinafter "Plaintiff"), and files this lawsuit against Dexis, LLC (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated damages, and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a Delaware Corporation, and has a principal place of business at 6095 Parkland Blvd., Suite 310, Mayfield Heights, Ohio 44124. However, Defendant continuously and systematically transacts business in the state of Georgia, and the unlawful employment practices described herein occurred at 4425 Alexander Drive, Suite 100, Alpharetta, Georgia 30022. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

7.

Plaintiff performed non-exempt labor for Defendant within the last three years.

8.

During Plaintiff's employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

9.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia. Specifically, Defendant sellsdigital X-ray systems to dental practices throughout the United States of America.

10.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d). Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and 207.

11.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

12.

Defendant's gross revenues exceed $500,000 per year.

13.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

14.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent.

### IV. Facts

15.

Plaintiff worked for Defendantfrom August 19, 2005.

16.

Plaintiff became a Technical Support Team Lead in or about August 2007. In that position, Plaintiff handled trouble-shooting calls for four hours a day, assisted others with their trouble-shooting calls, and handled escalated trouble-shooting calls. Plaintiff did not have the authority to hire or fire anyone.

17.

At the beginning of 2011, Defendant began referring to the Team Leads as "Managers." However, Plaintiff's job duties essentially remained unchanged. WITH ADDED RESPONSIBILITY OF EMPLOYEE EVALUATIONS (AT TIME).

18.

Plaintiff consistently worked more than forty (40) hours in a workweek, but was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for all hours worked over forty (40) per workweek.

## V. Violation of the Overtime Wage Requirement of the FLSA

19.

Plaintiff performed non-exempt labor for Defendant within the last three years.

20.

During Plaintiff's employment with Defendant, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours in aworkweek and

failed to compensate her for all hours worked in excess of forty (40) hours in a workweek at one and one half times her regular rate of pay.

21.

Defendant has violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours per workweek.

22.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement in that Defendant regularly and repeatedly failed to compensate Plaintiff at the required overtime rate.

23.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

24.

Defendant failed to accurately report, record and/or preserve records of all hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff that are sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

25.

Defendant's conduct was willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and,

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 27th day of September, 2012.

**SONYA CARLYLE**

*[signature]*

Sonya Carlyle (pro se)

1002 Crofton Landing
Suwanee, Georgia 30024
(404) 717-4845