# SETTLEMENT
## AND COMPLETE WAIVER/RELEASE AGREEMENT

This Settlement and Complete Waiver/Release Agreement ("**Agreement**") is made by DENTAL IMAGING TECHNOLOGIES CORPORATION d/b/a DEXIS LLC, its members, officers, employees, directors, successors, assigns, parents, and subsidiaries, ("**DEXIS**") and SONYA CARLYLE, her assignees, heirs, executors, and trustees ("**CARLYLE**" and, collectively with DEXIS, the "**Parties**").

## RECITALS

WHEREAS, CARLYLE commenced the lawsuit captioned <u>Sonya Carlyle v. Dexis, LLC</u>, Civil Action No. 1:12-cv-3373-TWT (the "**Litigation**") in the U.S. District Court for the Northern District of Georgia (the "**Court**"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et</u> <u>seq.</u> ("**FLSA**") on or about September 27, 2012; and

WHEREAS, DEXIS denied, and continues to deny, all of the claims and allegations set forth in the Litigation and does not admit to liability, wrongdoing, or damages of any kind; and

WHEREAS, the Parties wish to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, the Parties desire to effect a full, complete, final, and binding settlement and compromise of all claims that CARLYLE may have against DEXIS arising out of or relating to her employment with DEXIS (whether asserted in the Litigation or not).

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1.   **No Admission of Liability.**   The Parties agree and acknowledge that this Agreement is the result of a compromise and that DEXIS does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Litigation.   Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability, responsibility, wrongdoing, or violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

2.     **Dismissal of the Litigation.**   The Parties agree that within seven (7) days after all Parties have executed this Agreement, they shall file a Joint Motion for Approval of Settlement And Dismissal With Prejudice, <u>in the form attached hereto as</u> Exhibit A. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

3.     **Consideration.**

a.     In consideration for the promises that CARLYLE has made in this Agreement, DEXIS agrees to pay to CARLYLE and her counsel the total amount of $14,950.00 (the "Gross Settlement Amount"), allocated as follows:

i.     The gross sum of Three Thousand Five Hundred Dollars and zero cents ($3,500.00), less all required and voluntary deductions and withholdings, made payable to SONYA CARLYLE, which shall constitute the entire amount payable to her for her Released Claims, as that term is defined in Section 5, including payment for any alleged unpaid wages (including overtime compensation), interest, and any other damages she may have sought in the Lawsuit.  In connection with this payment, DEXIS shall issue CARLYLE an IRS Form W-2 at the appropriate time.

ii.     The sum of Three Thousand Five Hundred Dollars and zero cents ($3,500.00), by separate payment made payable to SONYA CARLYLE, which shall constitute the entire amount payable to her for alleged liquidated damages under the FLSA.  The sum shall be paid without any deduction for taxes or other withholdings and reported in box # 3 on IRS Form 1099-MISC; and

iii.     The sum of Seven Thousand Nine Hundred Fifty Dollars and zero cents ($7,950.00) made payable to CARLYLE'S counsel, FELDMAN MORGADO, P.A., which constitutes payment of CARLYLE'S attorneys' fees and costs or CARLYLE'S claims and therefore within the definitions of 26 U.S.C. §§ 62(e)(4), (e)(18)(ii) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.  This sum shall be paid without any deduction for taxes or other withholdings and reported in box # 14 on IRS Form 1099-MISC. CARLYLE'S counsel shall provide DEXIS with a W-9 reflecting its tax identification number.

b.     CARLYLE agrees to indemnify and hold DEXIS harmless with respect to any taxes, interest, cost, penalties, or expense related to those portions of the Gross Settlement Amount.  DEXIS makes no warranty or representation to CARLYLE or her attorneys regarding the tax consequences of these payments.

c.      The Parties agree that, except as otherwise provided in this Section 3, each Party will bear its own attorneys' fees and costs incurred as a result of or related to the Litigation, and no Party owes another any fees or costs.

4.      **Timing of Payment.**  The consideration referenced in Section 3 will be delivered to CARLYLE'S counsel within seven (7) days after the Court enters a final order approving this settlement, as put forth in this Agreement, and dismissing with prejudice all of CARLYLE'S claims asserted against DEXIS in this Litigation.

5.      **General Waivers and Release of Claims.**

a.      In exchange for the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CARLYLE fully and completely waives, releases, and forever discharges DEXIS and its predecessors, successors, divisions, subsidiaries, and parents, and, collectively, their respective former, current, and future members, directors, officers, employees, agents, representatives, assigns, heirs, and executors (collectively the "**RELEASED PARTIES**"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever (the "**RELEASED CLAIMS**") that CARLYLE had, has, or may have against any or all of the Released Parties arising out of her employment with DEXIS, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that the RELEASED PARTIES:

i.      Failed to properly provide CARLYLE minimum wage or overtime compensation, retaliated against her, or in any other way violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (and/or the Portal to Portal Act, as amended, 29 U.S.C. § 251 et seq.) or any other applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions concerning the payment of wages; or

ii.     Violated public policy or common law (including, but not limited to, claims for breach of contract; unjust enrichment, unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance; wrongful

termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium); or

iii.    Failed to provide CARLYLE with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by DEXIS, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against CARLYLE for the purpose of preventing her from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; or

iv.    Violated DEXIS' personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract or agreement, express or implied, between CARLYLE and DEXIS; or

v.    Retaliated against or discriminated against CARLYLE on the basis of her age, race, color, national origin, ancestry, sex (including sexual harassment), religion, disability, handicap, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.; the Lilly Ledbetter Fair Pay Act of 2009; and the Sarbanes-Oxley Act of 2002;  or

vi.    Owe CARLYLE damages of any sort, interest, costs, attorneys' fees, equitable relief, or any other types of available recovery relating to any of the Released Claims.

b.    Excepted from the Released Claims is any claim or right that cannot be waived by law, including claims arising after the execution of this Agreement and CARLYLE'S right to file a charge of discrimination with any administrative agency or participate in any agency investigation or proceeding.  CARLYLE is waiving, however, her right to any monetary recovery should the U.S. Department of Labor, the EEOC, or any other state or federal agency pursue any Released

Claims on her behalf.  CARLYLE is also waiving any right to recover money in connection with a charge filed by herself, by any other individual, or by any city, local, state, or federal agency regarding any Released Claims.

a. **Covenant Not To Sue.**  A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court.  It is different than the general releases contained in Section 5.  In further exchange for the consideration described in Section 3, CARLYLE agrees never to sue any of the RELEASED PARTIES in any forum for any of the claims covered by waivers and releases in Paragraph 5.  CARLYLE also agrees that she will not join or consent to opt into any certified or conditionally-certified class or collective action, or any other multi-party litigation, against any of the RELEASED PARTIES involving any of the Released Claims.  Likewise, CARLYLE agrees that she will opt-out or otherwise withdraw from any such litigation to which she becomes a member or participant.  If CARLYLE violates this Agreement by suing any of the RELEASED PARTIES, she shall be liable to such RELEASED PARTIES for their reasonable attorneys' fees and other costs incurred in defending against such a lawsuit.  Alternatively, if CARLYLE sues the Released Parties, CARLYLE may be required, at the Released Parties' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to CARLYLE pursuant to this Agreement, which amount CARLYLE expressly acknowledges constitutes good and valuable consideration for all of the promises and covenants in this Agreement.  This Paragraph shall not apply if CARLYLE sues to enforce the terms of this Agreement.

6. **Non-Assistance.**  CARLYLE acknowledges and agrees that she has not and shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes or demands of any kind, nature, description, or character whatsoever that may exist against DEXIS or any of the RELEASED PARTIES, except as required by court order or otherwise by law.

7. **Non-Disparagement.**  CARLYLE will not make any statements oral or written that disparage or reflect negatively on DEXIS, except as required by court order or otherwise by law.

8. **Consideration Period.**  CARLYLE represents and warrants that she has been encouraged to seek advice from anyone of her choosing, including her attorney, accountant, or tax advisor, prior to her signing this Agreement; that this Agreement represents written notice that she do so; that she has been given the opportunity and sufficient time to seek such advice; that she has obtained advice

from her counsel about the terms of this Agreement; that she has carefully read and fully understands all of the provisions of this Agreement; and that she is voluntarily entering into this Agreement.  CARLYLE understands that she may take up to twenty-one (21) days to consider whether or not she desires to enter into this Agreement.  CARLYLE further represents and warrants that she was not coerced, threatened, or otherwise forced to sign this Agreement, and that her signature appearing hereinafter is genuine.

9.  **Revocation Period.**  CARLYLE understands and acknowledges that she has seven (7) days after her acceptance and execution of this Agreement to revoke this Agreement.  Should CARLYLE choose to revoke her acceptance and execution of this Agreement within that period, she must submit such revocation in writing to Kathryn Harr, 2800 Crystal Drive, Hatfield, PA 19400, facsimile number 215-997-5667, prior to the expiration of the seven-day period.  After such seven-day period, this Agreement will be irrevocable.

10.  **Recognition of Prior Agreement.**  The Parties understand and acknowledge that this Agreement has no effect whatsoever on the terms of a previous Negotiated Settlement Agreement entered into between CARLYLE and DEXIS, dated June 27, 2012, in regard to EEOC Charge No. 846-2012-12314.  The terms of that Negotiated Settlement Agreement remain entirely unchanged by this Agreement and CARLYLE is still bound by its terms.

11.  **Employment Relationship**.  CARLYLE agrees to relinquish any and all rights to employment with the Released Parties and to never seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties.  CARLYLE agrees that the Released Parties shall have no obligation to engage their services in any capacity (*e.g.*, employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work on a contract basis legitimately and lawfully may be denied solely based on CARLYLE'S breach of this provision of the Agreement.  CARLYLE further agrees that, because of circumstances unique to her, she is not qualified for employment or work on any basis with the Released Parties now or in the future.  CARLYLE agrees that if, at any time, she works for any of the Released Parties without first obtaining a written waiver of this provision by an executive officer of DEXIS, she will immediately resign employment with such Released Party when asked to do so by DEXIS.  CARLYLE agrees never to sue or file a charge against any of the Released Parties for refusal to rehire and/or employ them and agrees to pay the associated attorneys' fees and costs incurred by any such Released Party that is required to defend a claim or charge based on its refusal to rehire CARLYLE.

12.     **Other Agreements by CARLYLE.**  CARLYLE acknowledges and agrees that:

      a.     She has been properly paid by DEXIS for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any overtime claim associated with such hours), in compliance with state and federal law;

      b.     She has not suffered any on-the-job injury; and

      c.     The settlement described herein, including the consideration described above and in the referenced exhibits to this Agreement, is contingent entirely upon: (i) the full execution of this Agreement by the Parties and (ii) dismissal of the Litigation with prejudice.  If any of these conditions are not met, then the settlement and this Agreement will become voidable by DEXIS at its sole discretion.  If DEXIS voids this Agreement as permitted by this paragraph, the Agreement shall become invalid as to all Parties, and DEXIS' obligation to pay the consideration described in Paragraph 3 shall cease.

13.     **Severability.**  The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.  If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.  If any waiver, release, or covenant not to sue set forth in this Agreement is deemed illegal, invalid, or unenforceable, in whole or in part, DEXIS' obligations under this Agreement shall be nullified.

14.     **Continuing Jurisdiction**.  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

15.     **Captions.**  The captions or headings of the sections of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

16.   **Dispute Resolution; Interpretation of Agreement.**   The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.   The Parties further agree that this Agreement shall be interpreted and construed in accordance with the laws of the State of Georgia.

17.   **Entire Agreement.**   This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein.   This Agreement may not be changed or altered, except in writing, signed by all Parties.

18.   **Execution in Counterparts.**   The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

SONYA CARLYLE                                          DEXIS, LLC

_____                         _____

Date: _4/24/2013_____                                   By:_____

                                                              Title:_____

                                                              Date:_____

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SONYA CARLYLE, | Civil Action No. 1:12-cv-3373-TWT |
| Plaintiff, | |
| v. | |
| DEXIS, LLC, | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Sonya Carlyle, and Defendant, Dental Imaging Technologies Corporation d/b/a Dexis, LLC, by and through their respective counsel, jointly move this Court for approval of the parties' settlement of this matter, and dismissal with prejudice of this action.  In support of this Motion, the Parties state as follows:

## STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq.  Plaintiff alleges that she was not properly compensated under the FLSA for hours worked in excess of forty (40) in a given workweek.

Defendant denies any liability to the Plaintiff for overtime wages under the FLSA.  Specifically, Defendant claims Plaintiff is exempt from the overtime provisions of the FLSA.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty.  As such, the Parties entered into the Settlement and Complete Waiver/Release Agreement.  The Parties believe this settlement is fair and reasonable under all the facts and circumstances.

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages to her is supervised by the Secretary of Labor.  See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a settlement and the court enters a stipulated judgment approving the fairness of the settlement.  Id. at 1353.

In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

> of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

In the case at bar, Plaintiff worked for Defendant as an at-will employee. Through discussions between their counsels, the parties have reached a settlement that both parties agree is a fair and reasonable compromise of any FLSA claims that Plaintiff has against Defendant.  The settlement agreement is attached as Exhibit A.

## CONCLUSION

WHEREFORE, Plaintiff, SONYA CARLYLE, and Defendant, DEXIS, LLC, respectfully request that this Court grant the instant motion and enter an Order approving the settlement and dismissing this action with prejudice.

Respectfully submitted this __ day of _____, 2013.

/s/Mitchell L. Feldman_____        /s/Robert C. Stevens_____
Counsel for Plaintiff                 Counsel for Defendant
Mitchell L. Feldman                   Robert C. Stevens
Florida Bar No.: 0080349              Georgia Bar No.: 680142
mfeldman@ffmlawgroup.com              bstevens@seyfarth.com
FELDMAN MORGADO, P.A.                 Heather Havette
501 North Reo Street                  Georgia Bar No.: 142080
Tampa, Florida 33609                  hhavette@seyfarth.com
813-639-9366 Telephone                SEYFARTH SHAW LLP
813-639-9376 Fax                      1075 Peachtree St., NE, St. 2500
                                      Atlanta, GA 30309-3962

(404) 885-1500 Telephone
(404) 892-7056 Fax
Attorneys for Defendant, Dental
Imaging Technologies, Corporation
d/b/a DEXIS, LLC

## SETTLEMENT
## AND COMPLETE WAIVER/RELEASE AGREEMENT

This Settlement and Complete Waiver/Release Agreement ("**Agreement**") is made by DENTAL IMAGING TECHNOLOGIES CORPORATION d/b/a DEXIS LLC, its members, officers, employees, directors, successors, assigns, parents, and subsidiaries, ("**DEXIS**") and SONYA CARLYLE, her assignees, heirs, executors, and trustees ("**CARLYLE**" and, collectively with DEXIS, the "**Parties**").

### RECITALS

WHEREAS, CARLYLE commenced the lawsuit captioned Sonya Carlyle v. Dexis, LLC, Civil Action No. 1:12-cv-3373-TWT (the "**Litigation**") in the U.S. District Court for the Northern District of Georgia (the "**Court**"), asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("**FLSA**") on or about September 27, 2012; and

WHEREAS, DEXIS denied, and continues to deny, all of the claims and allegations set forth in the Litigation and does not admit to liability, wrongdoing, or damages of any kind; and

WHEREAS, the Parties wish to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, the Parties desire to effect a full, complete, final, and binding settlement and compromise of all claims that CARLYLE may have against DEXIS arising out of or relating to her employment with DEXIS (whether asserted in the Litigation or not).

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

### AGREEMENT

1.    **No Admission of Liability.**   The Parties agree and acknowledge that this Agreement is the result of a compromise and that DEXIS does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Litigation.   Nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability, responsibility, wrongdoing, or violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

2.    **Dismissal of the Litigation.**  The Parties agree that within seven (7) days after all Parties have executed this Agreement, they shall file a Joint Motion for Approval of Settlement And Dismissal With Prejudice, <u>in the form attached hereto as</u> Exhibit A. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

3.    **Consideration.**

a.    In consideration for the promises that CARLYLE has made in this Agreement, DEXIS agrees to pay to CARLYLE and her counsel the total amount of $14,950.00 (the "Gross Settlement Amount"), allocated as follows:

i.    The gross sum of Three Thousand Five Hundred Dollars and zero cents ($3,500.00), less all required and voluntary deductions and withholdings, made payable to SONYA CARLYLE, which shall constitute the entire amount payable to her for her Released Claims, as that term is defined in Section 5, including payment for any alleged unpaid wages (including overtime compensation), interest, and any other damages she may have sought in the Lawsuit.  In connection with this payment, DEXIS shall issue CARLYLE an IRS Form W-2 at the appropriate time.

ii.    The sum of Three Thousand Five Hundred Dollars and zero cents ($3,500.00), by separate payment made payable to SONYA CARLYLE, which shall constitute the entire amount payable to her for alleged liquidated damages under the FLSA.  The sum shall be paid without any deduction for taxes or other withholdings and reported in box # 3 on IRS Form 1099-MISC; and

iii.    The sum of Seven Thousand Nine Hundred Fifty Dollars and zero cents ($7,950.00) made payable to CARLYLE'S counsel, FELDMAN MORGADO, P.A., which constitutes payment of CARLYLE'S attorneys' fees and costs or CARLYLE'S claims and therefore within the definitions of 26 U.S.C. §§ 62(e)(4), (e)(18)(ii) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.  This sum shall be paid without any deduction for taxes or other withholdings and reported in box # 14 on IRS Form 1099-MISC. CARLYLE'S counsel shall provide DEXIS with a W-9 reflecting its tax identification number.

b.    CARLYLE agrees to indemnify and hold DEXIS harmless with respect to any taxes, interest, cost, penalties, or expense related to those portions of the Gross Settlement Amount.  DEXIS makes no warranty or representation to CARLYLE or her attorneys regarding the tax consequences of these payments.

2

c.      The Parties agree that, except as otherwise provided in this Section 3, each Party will bear its own attorneys' fees and costs incurred as a result of or related to the Litigation, and no Party owes another any fees or costs.

4.      **Timing of Payment.**  The consideration referenced in Section 3 will be delivered to CARLYLE'S counsel within seven (7) days after the Court enters a final order approving this settlement, as put forth in this Agreement, and dismissing with prejudice all of CARLYLE'S claims asserted against DEXIS in this Litigation.

5.      **General Waivers and Release of Claims.**

a.      In exchange for the payments set forth above, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CARLYLE fully and completely waives, releases, and forever discharges DEXIS and its predecessors, successors, divisions, subsidiaries, and parents, and, collectively, their respective former, current, and future members, directors, officers, employees, agents, representatives, assigns, heirs, and executors (collectively the "**RELEASED PARTIES**"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, statutory, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever (the "**RELEASED CLAIMS**") that CARLYLE had, has, or may have against any or all of the Released Parties arising out of her employment with DEXIS, and/or any other fact, condition, circumstance, or occurrence whatsoever up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that the RELEASED PARTIES:

i.      Failed to properly provide CARLYLE minimum wage or overtime compensation, retaliated against her, or in any other way violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (and/or the Portal to Portal Act, as amended, 29 U.S.C. § 251 et seq.) or any other applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions concerning the payment of wages; or

ii.      Violated public policy or common law (including, but not limited to, claims for breach of contract; unjust enrichment, unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance; wrongful

3

termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium); or

iii.     Failed to provide CARLYLE with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by DEXIS, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against CARLYLE for the purpose of preventing her from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; or

iv.     Violated DEXIS' personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract or agreement, express or implied, between CARLYLE and DEXIS; or

v.     Retaliated against or discriminated against CARLYLE on the basis of her age, race, color, national origin, ancestry, sex (including sexual harassment), religion, disability, handicap, sexual orientation, marital status, parental status, source of income, or any other basis in violation of any applicable city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Equal Pay Act, 29 U.S.C. § 206(d); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.; the Lilly Ledbetter Fair Pay Act of 2009; and the Sarbanes-Oxley Act of 2002; or

vi.     Owe CARLYLE damages of any sort, interest, costs, attorneys' fees, equitable relief, or any other types of available recovery relating to any of the Released Claims.

b.     Excepted from the Released Claims is any claim or right that cannot be waived by law, including claims arising after the execution of this Agreement and CARLYLE'S right to file a charge of discrimination with any administrative agency or participate in any agency investigation or proceeding.  CARLYLE is waiving, however, her right to any monetary recovery should the U.S. Department of Labor, the EEOC, or any other state or federal agency pursue any Released

Claims on her behalf.  CARLYLE is also waiving any right to recover money in connection with a charge filed by herself, by any other individual, or by any city, local, state, or federal agency regarding any Released Claims.

      a.    **Covenant Not To Sue.**  A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court.  It is different than the general releases contained in Section 5.  In further exchange for the consideration described in Section 3, CARLYLE agrees never to sue any of the RELEASED PARTIES in any forum for any of the claims covered by waivers and releases in Paragraph 5.  CARLYLE also agrees that she will not join or consent to opt into any certified or conditionally-certified class or collective action, or any other multi-party litigation, against any of the RELEASED PARTIES involving any of the Released Claims.  Likewise, CARLYLE agrees that she will opt-out or otherwise withdraw from any such litigation to which she becomes a member or participant.  If CARLYLE violates this Agreement by suing any of the RELEASED PARTIES, she shall be liable to such RELEASED PARTIES for their reasonable attorneys' fees and other costs incurred in defending against such a lawsuit.  Alternatively, if CARLYLE sues the Released Parties, CARLYLE may be required, at the Released Parties' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to CARLYLE pursuant to this Agreement, which amount CARLYLE expressly acknowledges constitutes good and valuable consideration for all of the promises and covenants in this Agreement.  This Paragraph shall not apply if CARLYLE sues to enforce the terms of this Agreement.

**6.**    **Non-Assistance.**  CARLYLE acknowledges and agrees that she has not and shall not voluntarily assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes or demands of any kind, nature, description, or character whatsoever that may exist against DEXIS or any of the RELEASED PARTIES, except as required by court order or otherwise by law.

**7.**    **Non-Disparagement.**  CARLYLE will not make any statements oral or written that disparage or reflect negatively on DEXIS, except as required by court order or otherwise by law.

**8.**    **Consideration Period.**  CARLYLE represents and warrants that she has been encouraged to seek advice from anyone of her choosing, including her attorney, accountant, or tax advisor, prior to her signing this Agreement; that this Agreement represents written notice that she do so; that she has been given the opportunity and sufficient time to seek such advice; that she has obtained advice

from her counsel about the terms of this Agreement; that she has carefully read and fully understands all of the provisions of this Agreement; and that she is voluntarily entering into this Agreement. CARLYLE understands that she may take up to twenty-one (21) days to consider whether or not she desires to enter into this Agreement. CARLYLE further represents and warrants that she was not coerced, threatened, or otherwise forced to sign this Agreement, and that her signature appearing hereinafter is genuine.

**9.    Revocation Period.** CARLYLE understands and acknowledges that she has seven (7) days after her acceptance and execution of this Agreement to revoke this Agreement. Should CARLYLE choose to revoke her acceptance and execution of this Agreement within that period, she must submit such revocation in writing to Kathryn Harr, 2800 Crystal Drive, Hatfield, PA 19400, facsimile number 215-997-5667, prior to the expiration of the seven-day period. After such seven-day period, this Agreement will be irrevocable.

**10.   Recognition of Prior Agreement.** The Parties understand and acknowledge that this Agreement has no effect whatsoever on the terms of a previous Negotiated Settlement Agreement entered into between CARLYLE and DEXIS, dated June 27, 2012, in regard to EEOC Charge No. 846-2012-12314. The terms of that Negotiated Settlement Agreement remain entirely unchanged by this Agreement and CARLYLE is still bound by its terms.

**11.   Employment Relationship.** CARLYLE agrees to relinquish any and all rights to employment with the Released Parties and to never seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties. CARLYLE agrees that the Released Parties shall have no obligation to engage their services in any capacity (*e.g.*, employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work on a contract basis legitimately and lawfully may be denied solely based on CARLYLE'S breach of this provision of the Agreement. CARLYLE further agrees that, because of circumstances unique to her, she is not qualified for employment or work on any basis with the Released Parties now or in the future. CARLYLE agrees that if, at any time, she works for any of the Released Parties without first obtaining a written waiver of this provision by an executive officer of DEXIS, she will immediately resign employment with such Released Party when asked to do so by DEXIS. CARLYLE agrees never to sue or file a charge against any of the Released Parties for refusal to rehire and/or employ them and agrees to pay the associated attorneys' fees and costs incurred by any such Released Party that is required to defend a claim or charge based on its refusal to rehire CARLYLE.

12.     **Other Agreements by CARLYLE.**   CARLYLE acknowledges and agrees that:

a.     She has been properly paid by DEXIS for all hours worked, including hours worked in excess of forty (40) hours per week (and any liquidated damages stemming from any overtime claim associated with such hours), in compliance with state and federal law;

b.     She has not suffered any on-the-job injury; and

c.     The settlement described herein, including the consideration described above and in the referenced exhibits to this Agreement, is contingent entirely upon: (i) the full execution of this Agreement by the Parties and (ii) dismissal of the Litigation with prejudice.   If any of these conditions are not met, then the settlement and this Agreement will become voidable by DEXIS at its sole discretion.   If DEXIS voids this Agreement as permitted by this paragraph, the Agreement shall become invalid as to all Parties, and DEXIS' obligation to pay the consideration described in Paragraph 3 shall cease.

13.     **Severability.**   The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect.   If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds.   If any waiver, release, or covenant not to sue set forth in this Agreement is deemed illegal, invalid, or unenforceable, in whole or in part, DEXIS' obligations under this Agreement shall be nullified.

14.     **Continuing Jurisdiction**.   Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties, to administer and enforce this Agreement.

15.     **Captions.**   The captions or headings of the sections of this Agreement have been inserted for convenience only and shall have no effect on the construction or interpretation of any part of this Agreement.

16.     **Dispute Resolution; Interpretation of Agreement**.   The Parties intend for any disputes regarding this Agreement to be heard only by the Court, unless the Court declines jurisdiction to resolve such disputes.   The Parties further agree that

this Agreement shall be interpreted and construed in accordance with the laws of the State of Georgia.

**17.     Entire Agreement.**  This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein.  This Agreement may not be changed or altered, except in writing, signed by all Parties.

**18.     Execution in Counterparts.**  The Parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**SONYA CARLYLE**                          **DEXIS, LLC**

_____            _____

Date:_____            By:_____Marc Pensa_____

                                     Title:___Vice President Finance___

                                     Date:____04/23/13____

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SONYA CARLYLE, | Civil Action No. 1:12-cv-3373-TWT |
| Plaintiff, | |
| v. | |
| DEXIS, LLC, | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Sonya Carlyle, and Defendant, Dental Imaging Technologies Corporation d/b/a Dexis, LLC, by and through their respective counsel, jointly move this Court for approval of the parties' settlement of this matter, and dismissal with prejudice of this action.  In support of this Motion, the Parties state as follows:

### STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq.  Plaintiff alleges that she was not properly compensated under the FLSA for hours worked in excess of forty (40) in a given workweek.

Defendant denies any liability to the Plaintiff for overtime wages under the FLSA.  Specifically, Defendant claims Plaintiff is exempt from the overtime provisions of the FLSA.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty. As such, the Parties entered into the Settlement and Complete Waiver/Release Agreement. The Parties believe this settlement is fair and reasonable under all the facts and circumstances.

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages to her is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a settlement and the court enters a stipulated judgment approving the fairness of the settlement. Id. at 1353.

In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

In the case at bar, Plaintiff worked for Defendant as an at-will employee. Through discussions between their counsels, the parties have reached a settlement that both parties agree is a fair and reasonable compromise of any FLSA claims that Plaintiff has against Defendant. The settlement agreement is attached as Exhibit A.

## CONCLUSION

WHEREFORE, Plaintiff, SONYA CARLYLE, and Defendant, DEXIS, LLC, respectfully request that this Court grant the instant motion and enter an Order approving the settlement and dismissing this action with prejudice.

Respectfully submitted this ___ day of _____, 2013.

| | |
|---|---|
| /s/Mitchell L. Feldman | /s/Robert C. Stevens |
| Counsel for Plaintiff | Counsel for Defendant |
| Mitchell L. Feldman | Robert C. Stevens |
| Florida Bar No.: 0080349 | Georgia Bar No.: 680142 |
| mfeldman@ffmlawgroup.com | bstevens@seyfarth.com |
| FELDMAN MORGADO, P.A. | Heather Havette |
| 501 North Reo Street | Georgia Bar No.: 142080 |
| Tampa, Florida 33609 | hhavette@seyfarth.com |
| 813-639-9366 Telephone | SEYFARTH SHAW LLP |
| 813-639-9376 Fax | 1075 Peachtree St., NE, St. 2500 |
| | Atlanta, GA 30309-3962 |

(404) 885-1500 Telephone
(404) 892-7056 Fax
Attorneys for Defendant, Dental
Imaging Technologies, Corporation
d/b/a DEXIS, LLC